THE RHODE ISLAND TOOL COMPANY *vs.* CHARLES A. HUMPHREY.

JUNE 10, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This is an employer's petition for review to determine the amount of compensation due the employee, if any, and is before us on the employer's appeal from a decree of the full commission affirming in part the decree of the trial commissioner.

The facts pertinent to the appeal are that in 1958 when employed as a filer on a drop hammer at an average weekly wage of $78.25 respondent lost his eye as a result of a compensable injury. In 1959, although unable to perform the duties of a filer because of the loss of his eye, he returned

to work for petitioner and was assigned "floor work" duties. His employment in that capacity terminated in July 1962 when he fell at home breaking his ankle, and he has since been unemployed.

The record of the wages paid respondent from January 1962 to July 1962 discloses average weekly earnings of approximately $78 of which $67.60 is attributable to a 40-hour workweek and the balance to hours worked in excess thereof. The petitioner's sole contention is that it was error for the commission to fix respondent's weekly earning capacity at $67.60, that amount being lower than what he was actually earning at the time he broke his ankle. Its other reasons of appeal being neither briefed nor argued are deemed to be waived.

The question is whether, in estimating the earning capacity of a partially-disabled employee who has returned to work after an occupational injury and who thereafter becomes totally disabled for reasons unconnected with such compensable accident, the commission shall use as a yardstick post-injury earnings including that paid for overtime.

The controlling statute is G. L. 1956, §28-33-18, which in pertinent part provides:

"While the incapacity for work resulting from the injury is partial the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings, or salary, before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than twenty-two dollars ($22.00) a week; provided, however, if, after his injury, the employee is unable to obtain any work to determine his earning capacity or to prove the amount of his loss of earning capacity with reasonable definiteness, then the workmen's compensation commission shall have the power in the interest of justice to fix the dollar value of the weekly earning capacity which said employee has, which dollar value shall be reasonable, having due

regard to the evidence and all other pertinent factors presented at the hearing."

In *Brown & Sharpe Mfg. Co.* v. *Dean*, 89 R. I. 108, we construed the portion of the statute immediately preceding the first proviso. We held that the weekly compensation to be paid to a currently-employed, partially-incapacitated employee shall be a percentage of so much of his pre-injury "average weekly wages, earnings or salary" as defined in §28-33-20(a) as exceeds his post-injury *"actual weekly* earnings." Such earnings, we said, include *"all* earnings for services" inclusive of such portion thereof as are properly referable to hours worked in a week in excess of 40.

In the first proviso which here controls, however, the statute speaks in terms of empowering the commission to fix the "weekly earning capacity" of an employee unable to obtain any work, and further provides that the power thus granted shall be exercised "in the interest of justice" in order that a dollar value shall be determined which "shall be reasonable, having due regard to the evidence and all other pertinent factors * * *." The legislative concern that a rule of reason be applied in the interest of justice in determining the incapacity of an employee in such a case differentiates it from one where the employee although partially disabled is gainfully employed. In one instance the commission applies a mathematical formula, *Brown & Sharpe Mfg. Co.* v. *Dean, supra;* in the other, in the interest of justice it fixes the reasonable dollar value of the employee's earning capacity in the light of the circumstances present.

While it may be argued that in all events partial incapacity should be determined by reference to actual earnings even in the case of one whose return to work subsequent to an occupational injury has been interrupted by reason of a total disability unrelated to his compensable injury, we find nothing in §28-33-18 indicating either a legislative intent or direction that such a worker be treated differently from one who after recovery from a work-connected dis-

ability is unable for reasons beyond his control to obtain any work whereby his earning capacity may be determined.

In the absence of a statutory provision to the contrary as in *Brown & Sharpe Mfg. Co.* v. *Dean, supra*, it would in our opinion be unreasonable and a disservice to justice if in such circumstances earning capacity were to be estimated by equating it with what was actually earned in extended workweeks in the interval between the recovery from the compensable injury and the occurrence of the unrelated disability. To do so would unduly penalize the industrious employee who elected to work more hours than the commonly accepted 40-hour workweek.

In our opinion the commission was not in error when in the interest of justice it fixed $67.60 as the dollar value of the respondent's weekly earning capacity.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Boss, Conlan, Keenan, Bulman & Rice, Donald F. Shea,* for petitioner.

*Abedon, Michaelson and Stanzler, Raul L. Lovett,* for respondent.